## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| **Jeffrey D. Reid** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Heritage Tractor** | ) | |
| **Serve Resident Agent:** | ) | **Case No.** <u>11-2407-JTM</u>/DJW |
| **Ken Wagner** | ) | |
| **915 Industrial Park Road** | ) | **JURY TRIAL DEMANDED** |
| **Baldwin City, Kansas 66066** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

### COMPLAINT

Plaintiff, Jeffrey D. Reid ("Plaintiff"), for his Complaint against Defendant Heritage Tractor, alleges as follows:

### NATURE OF THE CLAIM

1.     This action for legal and equitable relief arises under, and the jurisdiction of this Court is invoked pursuant to, 42 U.S.C. § 12101 *et. seq.*, (The Americans with Disabilities Act), 28 U.S.C. § 1331 (federal question), and K.S.A. § 44-324(a) (The Kansas Wage Payment Act). This is a claim arising under the Americans with Disabilities Act and for violations of the Kansas Wage Payment Act, K.S.A. § 44-313 *et. seq.*

2.     Plaintiff was hired to perform agricultural sales for Defendant. In that capacity, he often sold large pieces of farm equipment and smaller lawn care equipment.

3.     Plaintiff has attention deficit hyperactivity disorder (ADHD), which substantially affects his activities of daily living, including his ability to concentrate, think, and focus.

1

4.     Plaintiff was promised a base salary of approximately $1452 every two weeks, but he was also promised substantial commissions on his sales based on a sliding scale such that his commissions got bigger as his sales increased.  However, management consistently failed to pay him his full commissions on his sales.

5.     Defendant terminated Plaintiff from employment because of his diagnosis with ADHD.

## PARTIES

6.     Mr. Reid is a male citizen of the United States and a resident of Bosworth, Carroll County, Missouri.  At all times relevant herein, he was employed by Defendant Heritage Tractor at its facility in Topeka, Kansas.

7.     Heritage Tractor is a Kansas for profit corporation, organized in the state of Kansas, and authorized to do business in the state of Kansas.  Defendant is an employer within the meaning of the term as described in the statute and laws that form the basis of Plaintiff's claim.

## JURISDICTION AND VENUE

8.     This court has jurisdiction over this case pursuant to 28 U.S.C. §1331, K.S.A. 44-324 (a), and 28 U.S.C. § 1367(a).

9.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this district.

## ADMINISTRATIVE PROCEEDINGS

10.     On or about October 2, 2010, Mr. Reid filed a timely Charge of Discrimination with the Equal Employment Opportunities Commission (EEOC).  A copy of the charge is

attached hereto as Exhibit A and is incorporated herein by reference.

11.    On or about April 27, 2011, the EEOC mailed Mr. Reid his right-to-sue notice pursuant to Title VII, and he received the right-to-sue notice on or about April 29, 2011.  A Copy of the right-to-sue notice is attached hereto as Exhibit B and is incorporated herein by reference.

12.    This action has been filed with this Court within 90 days of Mr. Reid's receipt of his right-to-sue notice from the EEOC.   Mr. Reid has therefore fully complied with all administrative prerequisites before filing this action.

## ALLEGATIONS COMMON TO ALL COUNTS

13.    Plaintiff was employed by Defendant as a salesman from approximately November 2007 until May 10, 2010.

14.    Plaintiff enjoyed a successful career as a commissioned salesman of Heritage products, winning awards and other prizes for top sales.  In or around Spring 2010, Defendant made some changes in their paperwork requirements connected with sales, and Plaintiff and other employees fell behind in their paperwork connected with sales.

15.    In or around April 2010, Defendant directed Plaintiff to seek medical attention to determine if there was a medical explanation for his difficulty in meeting the new paperwork requirements.

16.    In April 2010, Plaintiff sought treatment with Dr. Richard May, who diagnosed Plaintiff with Adult Attention Deficit Hyperactivity Disorder (ADHD), prescribed medication, and suggested accommodations to enable Plaintiff to successfully perform his job.

17.    On or about April 23, 2010, Plaintiff informed management of his diagnosis, and requested reasonable accommodations in the form of an office in a lower traffic area, additional time to complete his paperwork and/or assistance for paperwork completion, the right not to have

3

to be interrupted to answer phones for other salesmen, and the right not to be interrupted to sell small equipment (lawnmowers, etc) on the sales floor.

18.     Management provided only illusory accommodations and harassed Plaintiff about being behind on his paperwork.  They terminated Plaintiff without warning or notice 17 days later, on May 10, 2010, after Plaintiff had caught up with his paperwork.

19.     Other salesmen who did not have disabilities were similarly behind on their paperwork, but were not terminated.

20.     Other salesmen who did not have disabilities but were similarly behind on their paperwork, were given assistance in completing paperwork.

21.     Management attempted to prevent Plaintiff from selling after learning of his diagnosis, which undermined his ability to earn commissions.

22.     When Plaintiff received his final paycheck following his discharge, he realized that he had been underpaid a significant amount because he had not received his commissions on numerous sales he had made during his tenure at Defendant company.

## COUNT I, DISABILITY DISCRIMINATION/WRONGFUL DISCHARGE

23.   Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

24.   Plaintiff's ADHD substantially limited his daily life activities.

25.   Plaintiff was an otherwise qualified individual able to perform the essential functions of his job with reasonable accommodations.

26.   Defendant was aware of Plaintiff's disabling condition, and that he needed certain accommodations to enable him to be successful at his job.

27.   Management did not make a good faith effort to accommodate Plaintiff's covered

4

disability.   While Defendant demonstrated its ability to accommodate Plaintiff by making it possible for him to complete his paperwork, Defendant did so not to enable Plaintiff to perform his job, but only for Plaintiff to unwittingly prepare for his own termination.

28.   Management could have fully accommodated Plaintiff's covered disability but for the lack of good faith.

29.   Management discriminated against Plaintiff by failing to offer permanent accommodations which would have successfully enabled him to perform his job.

30.   Other employees who did not have disabilities were not terminated although they were similarly behind on their paperwork.

31.   Management discriminated against Plaintiff by wrongfully terminating him based on his diagnosis rather than providing reasonable accommodations.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of his Complaint, for a finding that he has been subjected to unlawful discrimination and wrongful termination based on his disability, for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; equitable relief including reinstatement where Plaintiff is not subjected to discriminatory conduct and/or other hostile, offensive or intimidating treatment; for his costs expended; for his reasonable attorneys' and expert' fees; and for such other and further relief the Court deems just and proper.

## COUNT II:  VIOLATION OF THE KANSAS WAGE PAYMENT ACT (KWPA)

32.   Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

33.   At all relevant times, Defendant has been, and will continue to be an "employer"

within the meaning of the KWPA, K.S.A. § 44-313(a).

34.     At all relevant times, Defendant employed Plaintiff within the meaning of KWPA, K.S.A. 44-313(b).

35.     At all relevant times, Defendant had a policy of paying salesmen commissions on a sliding scale depending on the amount of the sale.  For instance, Defendant promised to pay commissions of 10 percent on net profit sales of less than $50,000, 15 percent for net profit sales between $50,000 and $75,000, 20 percent for net profit sales between $75,000 and $100,000, and 25 percent for net profit sales of equipment over $100,000.

36.     Commissions constitute wages under the KWPA, K.S.A. § 44-313-44-315.

37.     Despite its promise to pay commissions, Defendant willfully failed to properly pay Plaintiff all of his commissions for sales he had made during his tenure at Defendant's Topeka store.

WHEREFORE, Plaintiff prays for a finding that Defendant violated the KWPA by willfully failing to properly pay commissions due to Plaintiff, for costs and expenses of this action, for pre and post-judgment interest as provided by law; and any for such other and further relief the Court deems just and proper.

## COUNT III—UNJUST ENRICHMENT

38.     Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

39.     Defendant has been enriched through withholding payments for commissions it owes Plaintiff for sales that he made.  Defendant has been enriched at the expense of underpaying Plaintiff his wages for his work.

40.     By working for Defendant and making sales to customers for which he was not

6

paid his full commissions, Plaintiff has enriched and provided a benefit to Defendant.

41.     It is unjust for Defendant to retain benefits from the underpaid work performed by Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment against Defendant on Count III of the Complaint; for an award of compensatory damages; pre-judgment and post-judgment interest as provided by law; and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## COUNT IV—BREACH OF CONTRACT

42.     Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

43.     When Defendant hired Plaintiff, Plaintiff and Defendant agreed that Plaintiff would receive commissions for his sales.  Plaintiff and Defendant also agreed on the rate of commissions as set forth above.

44.     Plaintiff accepted the offer of employment and, consequently, the promise to pay commissions on a set scale.

45.     Plaintiff completed the work under the employment agreement and enjoyed significant success as a salesman.  He sold many pieces of large farm equipment.

46.     Despite the sales Plaintiff made, after he was terminated, Plaintiff noted that Defendant had never paid the proper commissions pursuant to their agreement.

47.     By accepting Plaintiff's services, yet failing to honor its obligation to pay commissions at a set rate, Defendant materially breached its oral contract with Plaintiff.

48.     As a direct result of Defendant's breach of its promise to pay commissions,

Plaintiff has been damaged in the amounts for which he has not been paid pursuant to his agreement with Defendant.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of the Complaint; for an award of compensatory damages; pre-judgment and post-judgment interest as provided by law; and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates the Federal Court in Kansas City, Kansas as the place of trial.

Respectfully submitted,


/s/ Heather J. Schlozman
**DUGAN SCHLOZMAN LLC**
Mark V. Dugan          D. Kan. # 70685
mark@duganschlozman.com
Heather J. Schlozman      D. Kan. # 23869
heather@duganschlozman.com
7001 W. 79th Street, Suite 102
Overland Park, KS 66204
Ph 913-322-3528
Fax 913-894-1686

**COUNSEL FOR PLAINTIFF**